## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOLLY TARKENTON,**

                **Plaintiffs,**

**v.**                                      **Case No:   6:14-cv-342-Orl-37GJK**

**BUTH NA BODHAIGE, INC. d/b/a THE
BODY SHOP,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS (Doc. No. 66)** |
| **FILED:** | **October 13, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part
and DENIED in part**.

## I.    BACKGROUND.

      Plaintiff Holly Tarkenton initiated this action against the Defendant Buth Na Bodhaige,

Inc., her former employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000(e), *et. seq*. ("Title VII") (Counts I and III), the Florida Civil Rights Act, § 760.10,

Florida Statutes (the "FCRA") (Counts II and IV), and Florida's common law (Counts V – VII).

Doc. No. 22.   Plaintiff alleges that an employee of Defendant subjected Plaintiff to workplace

sexual harassment, retaliation, and emotional distress.   *Id*.   On September 16, 2015, the Court

entered an order granting Defendant's motion for summary with respect to Plaintiff's Title VII and

FCRA claims (Counts I – IV), and declined to exercise supplemental jurisdiction over Plaintiff's

remaining Florida common law claims (Counts V – VII).   Doc. No. 63 at 15-22.   On September

17, 2015, judgment was entered in Defendant's favor with respect to Counts I through IV and

Counts V through VII were remanded to state court.   Doc. Nos. 63 at 22; 64 at 1.

On September 29, 2015, Defendant filed a Bill of Costs, requesting an award of costs in

the amount of $7,372.65.   Doc. Nos. 65; 65-1.   The chart below represents the itemization of

costs requested:

| Cost Category | Item | Additional information | Amount |
|---|---|---|---|
| Fees of the Clerk | Removal fee | | $400.00 |
| Fees for transcription services | **Tarkenton deposition** | Transcription | $992.00 |
| | | Reporter attendance fee | $440.00 |
| | | Delivery fee | $6.00 |
| | **Gill deposition** | | $502.90 |
| | **Derrick deposition** | 2-Day Expedited Rate | $932.30 |
| | **Martinez deposition** | 2-Day Expedited Rate | $1,903.36 |
| | **Gainey deposition** | 3-Day Expedited Rate | $1,229.59 |
| Fees for printing | Document retrieval from Clerk's office | Orange County Circuit Court | $14.00 |
| Fees for copies necessarily obtained for use in this case | Fee for Records | Physician Records | $25.00 |
| | | Physician Records | $200.00 |
| | | Employment Records | $30.00 |
| Compensation of court-appointed experts | Mediator Fees | | $697.50 |
| **TOTAL** | | | **$7,372.65** |

Doc. Nos. 65-1 at 1; 65-2 at 1, 3-13.   Defendant provided an affidavit and detailed invoices in

supported of its Bill of Costs.   Doc. Nos. 65 at 1-2; 65-2 at 3-13.

On October 13, 2015, Plaintiff filed Objections to Defendant's Bill of Costs (the

"Motion").   Doc. No. 66.   In the Motion, Plaintiff acknowledges that Defendant is the prevailing

party, but argues that any award of costs should be reduced proportionally to reflect only those

claims upon which Defendant prevailed.   Doc. No. 66 at 2-3 (citing *Simmons v. American Export*

*Lines, Inc.*, 26 F.R.D. 111, 112 (S.D. N.Y. 1960)).   Thus, Plaintiff argues that Defendant's Bill of Costs should be reduced by a minimum of 43% to reflect the four out of seven claims Defendant prevailed on.   Doc. No. 66 at 3.   In addition, Plaintiff maintains that certain enumerated costs are not recoverable under 28 U.S.C. § 1920, or Defendant has failed to provide the Court with sufficient information to evaluate whether the requested cost is allowable under Section 1920. Doc. No. 66 at 4-7.   Therefore, Plaintiff requests that the Court either decline to tax costs against Plaintiff or reduce the amount of costs taxed.   Doc. No. 66 at 7.   Defendant did not file a response to the Motion.

## II.    ANALYSIS.

Rule 54(d)(1), Federal Rules of Civil Procedure, provides that: "[u]nless a federal statue, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."   *Id*.   The United States Supreme Court has held that parties "may be considered 'prevailing parties' . . . if they succeed on any significant issue in litigation."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1]   "28 U.S.C. § 1920 defines the costs which may be allowed to the prevailing party under Fed. R. Civ. P. 54(d). . . ."   *Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

---

[1] "The standards for determining whether a party is entitled to an award of costs under Rule 54(d) are the same for determining whether a party is prevailing under 42 U.S.C. § 1988."   *Fulton Federal Sav. & Loan Ass'n. of Atlanta v. American Ins. Co*., 143 F.R.D. 292, 294 (N.D. Ga. 1991).

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Plaintiff's argument that the Court should impose an across-the-board reduction in any costs taxed against her by 43% to account for the Florida common law claims, which were remanded, is not well founded.  Doc. No. 66 at 3.  The case relied upon by Plaintiff, *Simmons*, 26 F.R.D. at 112, is distinguishable because there the plaintiff actually prevailed upon a claim for maintenance and cure, while the defendant prevailed on two other causes of action.  *Id*. at 112. Here, Defendant prevailed on all claims on which the Court exercised jurisdiction.  Doc. No. 63.

This case is more analogous to *Fulton Federal Savings & Loan Ass'n of Atlanta v. American Ins. Co.*, 143 F.R.D. 292, 294-95 (N.D. Ga. 1991), where the plaintiff recovered on a breach of bond claim, but did not recover on claims for bad faith and attorneys' fees.  *Id*.  In Fulton Federal Savings & Loan, the Court found that the plaintiff was the prevailing and entitled to all costs recoverable under § 1920 because the breach of bond claim was "clearly the significant issue and plaintiff's recovery on that claim was the primary benefit plaintiff sought in bringing suit."  143 F.R.D. at 294.  In this case, the undersigned is persuaded that Defendant is clearly the prevailing party as to all claims upon which the Court exercised jurisdiction, Plaintiff did not prevail on any claim and, therefore, no apportionment or percentage reduction in total costs taxed

is appropriate.   Accordingly, it is recommended that the Court reject Plaintiff's request to reduce the total costs taxed against her by 43%.

Plaintiff's argument that certain enumerated costs requested by Defendant are not recoverable under 28 U.S.C. § 1920 is well found.   Doc. No. 3-7.   "Section 1920 makes no reference to mediation costs."   *Williams v. H. Lee Moffitt Cancer Center and Research Institute*, *Inc.*, No. 8:09-cv-784-T-33TGW, 2011 WL 2160550, at *1 (M.D. Fla. June 1, 2011) (citing authority).   Thus, Defendant's mediation expenses ($697.50) are not recoverable under Section 1920.   *Id.*; Doc. No. 65-1 at 1.   Accordingly, it is recommended that the Court sustain Plaintiff's objection with respect Defendant's request to tax $697.50 in mediation expenses.

With respect to deposition expenses, parties are entitled to recover standard costs for depositions necessarily obtained for use in the case, such as the cost of the deposition transcription itself, but parties are not entitled to recover charges for delivery, expedited transcription, or for mini-transcription versions, which are for convenience of the parties.   *See Rodriguez v. Marble Care Intern., Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (entitled to recover standard costs, but not shipping, handling or expedited delivery costs); *Frasca v. NCL (Bahamas) Ltd.*, 2014 WL 4206697, at *4 (S.D. Fla. Aug. 25, 2014) ("Fees for expedited or condensed transcripts . . . and mini script versions . . . are not reimbursable under § 1920, where such services are for the convenience of counsel.").   In this case, the invoices provided by the Defendant reveal the following: $6.00 for delivery costs related to Tarkenton's deposition (Doc. No. 65-2 at 3); the fee for Tarkenton's deposition cost ($992.00) includes unspecified fees for a mini-transcript (Doc. No. 65-2 at 3); Derrick's deposition cost ($932.30) includes unspecified fees for 2-day expedited transcription (Doc. No. 65-2 at 5); Martinez's deposition cost ($1,903.36) includes unspecified fees for 2-day expedited transcription (Doc. No. 65-2 at 6); and Gainey's deposition cost

($1,229.59) includes unspecified fees for 3-day expedited transcription (Doc. No. 65-2 at 7).   As set forth above, the delivery charge ($6.00), the unspecified fee for preparing a mini-transcript, and all the unspecified fees for expediting the depositions transcripts are not recoverable under Section 1920.   *See Rodriguez*, 862 F. Supp. 2d at 1320; *Frasca*, 2014 WL 4206697, at *4 (S.D. Fla. Aug. 25, 2014).   However, other than the delivery charge, the fees for preparing the mini-transcript and for expediting the deposition transcripts are not reflected in the respective invoices and, therefore, the undersigned cannot reasonably distinguish recoverable costs from unrecoverable costs in Tarkenton, Derrick, Martinez, or Gainey's depositions.   Doc. No. 65-2 at 3, 5-7.   Plaintiff has provided authority in support of the argument that, in such a situation, the Court should not award any costs.   Doc. No. 66 at 5 (citing *J.G. v. Carnival Corp*., 2013 WL 5446412, at *4 (S.D. Fla. Sept. 28, 2013) (declining to award costs where movant did not provide sufficient detail for court to evaluate which costs were allowable under Section 1920).   Accordingly, in the absence of a response from the Defendant, it is recommended that the Court sustain Plaintiff's objection and decline to award any costs under 28 U.S.C. § 1920 for Tarkenton, Derrick, Martinez, or Gainey's depositions.

Photocopying is a taxable under Section 1920 if the the copies were necessarily obtained for use in the case.   28 U.S.C. § 1920(4).   The costs ($14.00) incurred by Defendant for copying and printing the state court documents were necessarily obtained by the Defendant in relation to its notice of removal (Doc. No. 1).   Doc. No. 65-2 at 9.   Accordingly, it is recommended that the Court overrule Plaintiff's objection with respect to Defendant's fees for printing ($14.00).   Doc. Nos. 65-1 at 1; 66 at 6.

With respect to Defendant's request for $255.00 for copies of documents related to third-party subpoenas, the undersigned finds that Defendant has failed to meet its burden to explain how

those documents were used or intended for use in this case.   *See Gonzales v. Pasco County Bd of County Cm'rs.*, No. 8:11-cv-1397-T-30TGW, 2013 WL 1810820, at *3 (M.D. Fla. Apr. 29, 2013). The prevailing party is required to present evidence showing the nature of the documents copied, which includes showing how the documents were used or were intended for use in the case, and it may not simply rely on a conclusory statement that the documents were necessary for use in the case. *Gonzales*, 2013 WL 1810820, at *3 (M.D. Fla. Apr. 29, 2013) (citing and quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)).   Here, Defendant attaches invoices for copies from two medical providers and one former employer.   Doc. No. 65-2 at 11-13.   In the affidavit filed in support of the Bill of Costs, Defendant's counsel, Anthony J. Hall, avers that "[t]he amount listed for fees for exemplification and copies was necessarily incurred in obtaining copies of documents from third parties and paid."   Doc. No. 65 at 2 ¶ 9.   Defendant fails to explain how these documents were used or were intended for use in this case. Accordingly, it is recommended that the Court sustain Plaintiff's objection with respect to Defendant's request to tax $255.00 in costs for copies.

The chart below reflects those costs, which the undersigned recommends that the Court tax against Plaintiff:

| Cost Category | Item | Additional information | Amount |
|---|---|---|---|
| Fees of the Clerk | Removal fee | | $400.00 |
| Fees for transcription services | Gill deposition | | $502.90 |
| Fees for printing | Fee for copying Records | Orange County Circuit Court | $14.00 |
| **TOTAL** | | | **$916.90** |

Accordingly, it is recommend that the Court tax costs against Plaintiff in the amount of $916.90.

### III.    CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 66) as follow:

1. **GRANT** the Motion (Doc. No. 66) to the extent that the Court **SUSTAIN** Plaintiff's objections with respect to Defendant's request to tax costs for:

   a.  The mediator's fee ($697.50);

   b.  Tarkenton's deposition ($1,438.00);

   c.  Derrick's deposition ($932.30);

   d.  Martinez's deposition ($1,903.36);

   e.  Gainey's deposition ($1,229.59); and

   f.  copies of third-party documents ($255.00);

2. Otherwise **DENY** the Motion;

3. **TAX** costs against the Plaintiff in the amount of $916.90; and

4. **DIRECT** the Clerk to enter judgment against the Plaintiff for costs in the amount of $916.90.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 9, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy