UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

**HOLLY TARKENTON,**

      Plaintiff,

v.                                                                                       Case No:  6:14-cv-342-Orl-37GJK

**BUTH NA BODHAIGE, INC. d/b/a**
**THE BODY SHOP,**

      **Defendant.**

_____

## ORDER

THIS CAUSE comes for consideration on Plaintiff Holly Tarkenton's ("Tarkenton") Objections to Defendant's Bill of Costs (the "Motion to Review Bill of Costs") (Doc. 66), to which Defendant Buth Na Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop") did not file a response. For the reasons that follow, Tarkenton's Motion to Review Bill of Costs will be granted in part and denied in part.

**BACKGROUND**

On August 5, 2015, Tarkenton filed a second amended complaint against The Body Shop wherein she avers that The Body Shop violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), *et seq.* ("Title VII") (Count I, Count III), the Florida Civil Rights Act, § 760.10, Florida Statutes (the "FCRA") (Count II, Count IV), and Florida's common law (Counts V-VII). (Doc. 22.) On September 16, 2015, upon The Body Shop's motion for summary judgment, the Court entered an order granting summary judgment with respect to Tarkenton's Title VII and FCRA

claims (Counts I-IV); however, the Court declined to exercise supplemental jurisdiction over Tarkenton's remaining state law claims (Counts V-VII). (Doc. 63 at 22.) Subsequently, judgment was entered in The Body Shop's favor with respect to Counts I through IV, and Counts V through VII were remanded to state court. (*Id.* at 22; Doc. 64 at 1.) Thereafter, on September 29, 2015, The Body Shop filed a Bill of Costs (the "Bill of Costs") requesting an award of costs in the amount of $7,372.65. (Doc. 65-1.) Tarkenton subsequently filed her Motion to Review Bill of Costs, wherein she avers that the Court should "deny [the Body Shop's] Bill of Costs due to [the Body Shop's] failure to delineate the costs applicable to [its] claims . . . ." (Doc. 66 at 2.) Alternatively, Tarkenton argues that she is entitled to a reduction of the costs "based upon a percentage of the claims that [the Body Shop] did not prevail on, and because many of the costs requested by [the Body Shop] are not statutorily taxable under 28 U.S.C. § 1920." (*Id.*)

On March 9, 2016, Magistrate Judge Gregory J. Kelly issued a report and recommendation granting in part and denying in part the Motion to Review Bill of Costs (the "Report and Recommendation") (Doc. 67). As set forth in the Report and Recommendation, the Magistrate Judge recommended that Tarkenton's Motion to Review Bill of Costs be granted in that Tarkenton's objections be sustained with respect to The Body Shop's request to tax costs for the mediator's fee ($697.50), Tarkenton's deposition ($1,438.00), Derrick's deposition ($932.30), Martinez's deposition ($1,903.36), Gainey's deposition ($1,229.59), and copies of third-party documents ($255.00). (*Id.* at 8.) In all other respects, the Magistrate Judge recommended that the Motion to Review Bill of Costs be denied. (*Id.*) On March 23, 2016, The Body Shop filed Objections to the Report and Recommendation (the "Objections") (Doc. 69), to which Tarkenton filed a response on April 6, 2016 (Doc. 70).

**STANDARD**

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options.  Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).  The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no objection. Fed. R. Civ. P. 72 advisory committee's note (1983).

**DISCUSSION**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.,* 229 F.3d 1012, 1038 (11th Cir. 2000). Additionally, the district court's discretion to award costs to a prevailing party is statutorily limited by 28 U.S.C. § 1920, which demarcates the types of costs that may be taxed.  *See* 28 U.S.C. § 1920.  Further, Rule 4.18 of the Local Rules of the Middle District of Florida provides that "all claims for costs . . . shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment."  M.D. Fla. Local Rule 4.18.

---

[1] Unpublished Eleventh Circuit cases are persuasive but not binding.

In the instant case, The Body Shop filed its Bill of Costs twelve (12) days after the Court entered an order granting summary judgment in favor of the Body Shop on Tarkenton's Title VII and FCRA claims. (*See* Doc. 63; Doc. 65.) In support of the amounts requested in the Bill of Costs, the Body Shop provided an Itemization for Bill of Costs, an affidavit of Anthony J. Hall, a filing fee receipt, a copies receipt, a mediation receipt, and invoices related to obtaining Tarkenton's medical and employment records. (Doc. 65 at 1-3; Doc. 65-2 at 1-2, 8-13.) Additionally, the Body Shop provided deposition invoices for the depositions of Holly Tarkenton (the "Tarkenton deposition"), Maria Gill (the "Gill deposition"), Lori Derrick (the "Derrick deposition"), Cristina Martinez (the "Martinez deposition"), and Sarah Gainey (the "Gainey deposition"). (Doc. 65-2 at 1-7.) Indisputably, the Tarkenton deposition invoice provides for an "[o]riginal and a mini" and does not specify a fee for the mini-transcript, the Derrick deposition invoice and Martinez deposition invoice reflect unspecified fees for two-day expedited delivery, and the Gainey deposition invoice includes unspecified fees for three-day expedited delivery. (*Id.* at 3, 5-7.)

According to 28 U.S.C. § 1920(2), "[a] judge or clerk of any court of the United States may tax . . . fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Parties are entitled to recover standard costs for deposition transcripts that were necessarily obtained for use in the case; however, "transcript shipping and handling costs are not recoverable." *Rodriguez v Marble Care Intern., Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citation omitted). Further, "[c]osts for transcript exhibits and condensed (or 'mini') versions of a transcript are only recoverable where the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Id.* (citation omitted). The Body Shop admits that deposition delivery charges are not recoverable as taxable

expenses and avers that the transcription company did not charge for the costs of preparing a mini-transcript of Tarkenton's deposition. (Doc. 69 at 4, 5.) In support thereof, The Body Shop attached an affidavit from Barbara G. Perry ("Perry") to the Objections, wherein Perry attests that she recorded and transcribed Tarkenton's deposition and that the invoice for Tarkenton's deposition "does not include an additional charge for the mini transcript as the mini transcript was free." (*Id.*) The Body Shop argues that it is entitled to recover the standard costs for the depositions of Derrick, Martinez, and Gainey, as ascertained by reference to the affidavit of Suzanne Bobrowski ("Bobrowski") attached to the Objections. (*Id.* at 5-6.) In her affidavit, Bobrowski identifies herself as the director of the company that employed the court reporters that recorded and transcribed the depositions of Martinez, Gainey, and Derrick. (*Id.* at 15-16.) Bobrowski then sets forth the charges for Martinez, Gainey, and Derrick's deposition transcripts at the standard rate. (*Id.*)

The Body Shop filed the Perry Affidavit and the Bobrowski Affidavit as exhibits to its Objections in an effort to recover standard deposition costs. However, The Body Shop failed to provide documentation or attestations with its Bill of Costs as to which portion of the deposition costs were incurred as standard preparation fees and which portion represents unrecoverable costs related to delivery of the deposition transcriptions and preparation of a mini version of Tarkenton's deposition. Rather, The Body Shop included an affidavit of Anthony J. Hall with its Bill of Costs wherein Hall attests that the entirety of the deposition fees listed on the Bill of Costs were "necessarily incurred and paid for the transcription of the depositions that were used to litigate this matter." (Doc. 65 ¶ 8.) The Body Shop's untimely efforts to parse out the standard deposition costs from deposition costs that are admittedly unrecoverable are insufficient. Thus, the Court will sustain Tarkenton's objections with respect to The Body Shop's request to tax costs for Tarkenton, Derrick, Martinez, and Gainey's depositions.

Additionally, the Body Shop has failed to meet its burden of explaining how the third party copies listed on the Bill of Costs were used or intended for use in this case. Although fees for making "copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4), the Body Shop has the burden of "showing the nature of the documents copied, including how they were used or intended to be used in the case . . . [and] may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Gonzales v. Pasco Cty. Bd. of Cty. Comm'rs*, No. 8:11-cv-1397-T-30TGW, 2013 WL 1810820, at *3 (M.D. Fla. Apr. 29, 2013) (citations and quotation marks omitted) (denying costs to a prevailing party for copies of medical records, even though the records were presumably related to the non-prevailing party's Family and Medical Leave Act claims). Although Hall attested that "[t]he amount listed for fees for exemplification and copies was necessarily incurred in obtaining copies of documents from third parties and paid," no additional information pertaining to the actual or intended use of the third-party documents was provided at the time The Body Shop submitted its Bill of Costs. (*See* Doc. 65 at 2 ¶ 9.) The Body Shop's efforts to explain the necessity of the third-party documents after submission of its proposed Bill of Costs does not ameliorate the fact that its Bill of Costs and supporting documentation fell short of the specificity requirement set forth in 28 U.S.C. § 1920. Thus, the Court will sustain Tarkenton's objection with respect to The Body Shop's request for costs in the amount of $255.00 for copies of documents related to third-party subpoenas.

The Body Shop's Bill of Costs and the materials submitted with the Bill of Costs do not adequately document and itemize the requested costs. Specifically, The Body Shop failed to timely provide the Court with sufficient information to evaluate whether the requested deposition and third-party copy costs are allowable under 28 U.S.C. § 1920. Additionally, the parties agree that

the mediator's fee ($697.50) listed in the Bill of Costs is not recoverable under 28 U.S.C. § 1920. Accordingly, the Court will sustain Tarkenton's objections concerning the mediator's fee, deposition costs, and third-party copy costs. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.,* 268 Fed. App'x. 837, 845-46 (11th Cir. 2008) (finding that the trial court did not abuse its discretion in denying costs for copying and deposition fees where the prevailing party's request for said costs lacked the requisite specificity to allow determination of recoverability under 28 U.S.C. § 1920); *see also J.G. v. Carnival Corp.*, 2013 WL 5446412, at *4 (S.D. Fla. Sept. 28, 2013) (declining to award costs where movant did not provide sufficient detail for court to evaluate which costs were allowable under 28 U.S.C. § 1920.)

## CONCLUSION

After review of the record in this matter, including a de novo review of the portions of the Report and Recommendation to which The Body Shop objects, the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation. Accordingly, it is hereby ordered and adjudged as follows:

1. United States Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 67) is **APPROVED** and **ADOPTED** and is made part of this Order for all purposes, including appellate review.

2. Plaintiff Holly Tarkenton's Motion to Review Bill of Costs (Doc. 66) is **GRANTED in part** and **DENIED in part**.

3. The Court **GRANTS** the motion in that it **SUSTAINS** Tarkenton's objections with respect to The Body Shop's request to tax costs for:

a. The mediator's fee ($697.50);

b. Tarkenton's deposition ($1,438.00);

      c. Derrick's deposition ($932.30);

      d. Martinez's deposition ($1,903.36);

      e. Gainey's deposition ($1,229.59); and

      f. copies of third-party documents ($255.00);

    4. In all other respects, the motion is **DENIED**.

    5. Costs shall be **TAXED** against Plaintiff Holly Tarkenton in the amount of $916.90, and the Clerk is **DIRECTED** to enter judgment accordingly.

ROY B. DALTON JR.
United States District Judge